| Case No. | CV 19-3811 PA (JPRx) | Date | May 13, 2019 |
|---|---|---|---|
| Title | Sung Yoon v. State Farm Mutual Automobile Ins. Co., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Before the Court is a Motion to Remand filed by plaintiff Sung Yoon ("Plaintiff") (Docket No. 10). Plaintiff filed the Motion on May 13, 2019, and set it for hearing on June 3, 2019. In setting the Motion for a hearing on June 3, 2019, Plaintiff violated Local Rule 6-1, which requires that the notice of motion "shall be filed with the Clerk not later than twenty-eight days (28) days before the date set for hearing . . . ." Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 3, 2019, is vacated, and the matter taken off calendar.

    Plaintiff filed his Complaint in Los Angeles Superior Court on March 12, 2019. Plaintiff filed the operative First Amended Complaint ("1st AC") on March 22, 2019. Plaintiff alleges in the 1st AC that he was involved in a car accident with defendant Mitchell Maher ("Maher") on November 1, 2018, and that Maher did not accurately report the nature of the accident, and Maher's fault in causing it, to defendant State Farm Mutual Automobile Insurance Company ("State Farm"), which had issued an automobile insurance policy to Maher. Plaintiff asserts that State Farm did not properly investigate the accident and wrongly demanded payment from Plaintiff for damages to Maher's vehicle in the amount of $4,687.08. The 1st AC includes claims against Maher, State Farm, and Vengroff Williams, Inc. ("Vengroff Williams"), a collection agency for: (1) negligence (against Maher); (2) fraud (against all defendants); (3) defamation (against all defendants); (4) deceptive trade practices pursuant to California Business and Professions Code section 17200 (against State Farm and Vengroff Williams); (5) negligent misrepresentation (against all defendants); (6) interference with prospective advantage (against all defendants); (7) intentional infliction of emotional distress (against all defendants); (8) negligent infliction of emotional distress (against all defendants); (9) violation of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692d (against State Farm and Vengroff Williams); (10) restitution (against all defendants; and (11) injunctive relief to enjoin violations of the FDCPA (against all defendants).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3811 PA (JPRx) | Date | May 13, 2019 |
|---|---|---|---|
| Title | Sung Yoon v. State Farm Mutual Automobile Ins. Co., et al. | | |

State Farm filed a Notice of Removal on May 2, 2019. According to the Notice of Removal, Plaintiff served State Farm and Maher with the 1st AC on April 4, 2019, and served Vengroff Williams on April 5, 2019. Both Maher and Vengroff Williams joined in the Notice of Removal. In its Notice of Removal, State Farm alleges that this Court possesses federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as a result of Plaintiff's inclusion in his 1st AC of the claims brought under the FDCPA, and supplemental jurisdiction of the remaining state law claims pursuant to 28 U.S.C. § 1367.

In his Motion to Remand, Plaintiff contends that the action should be remanded because the 1st AC "does not raise a substantial federal question that is necessary to resolution of any of Plaintiff's claims, and . . . [a]nticipated or potential defenses based on the federal constitution, laws or treaties cannot support removal of an action." Plaintiff's Motion to Remand states that his FDCPA claim "is so minor that Plaintiff is willing to amend the complaint to remove that particular cause of action."

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3811 PA (JPRx) | Date | May 13, 2019 |
|---|---|---|---|
| Title | Sung Yoon v. State Farm Mutual Automobile Ins. Co., et al. | | |

been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

The Court concludes that the 1st AC's ninth claim, brought pursuant to the FDCPA, and eleventh claim for injunctive relief, which seeks to prevent defendants from violating the FDCPA, are federal claims, that State Farm properly invoked the Court's federal question jurisdiction in its Notice of Removal, and that this Court possesses subject matter jurisdiction over those claims and supplemental jurisdiction over the remaining state law claims.

The fact that Plaintiff may view the FDCPA claims as "minor" does not change the fact that, as the "master of the claim," he elected to include those federal question claims in his 1st AC. However, should Plaintiff dismiss his ninth and eleventh claims by no later than May 27, 2019, as Plaintiff indicated he was willing to do, the Court would exercise its discretion to decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3), and remand the state law claims so that Plaintiff could pursue those claims in the Superior Court. See 28 U.S.C. § 1367(c)(3); Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining."). If Plaintiff dismisses the ninth and eleventh claims by that date, the Court would deny State Farm's Motion to Dismiss as moot and Plaintiff would not need to respond to the Motion to Dismiss.

For all of the foregoing reasons, the Court denies Plaintiff's Motion to Remand.

IT IS SO ORDERED.